IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **MARICEL FORTEZA,** | § § § § | |
| **Plaintiff,** | | |
| v. | § § § § § § § § § | Civil Action No. 4:23-cv-401-ALM-KPJ |
| **PELICAN INVESTMENT HOLDINGS GROUP, LLC d/b/a AAP and AUTO SERVICE DEPARTMENT,** *et al.*, | | |
| **Defendants.** | | |

## ORDER

Pending before the Court is Plaintiff Maricel Forteza's ("Plaintiff") Unopposed Motion for Extension of Time (the "Motion") (Dkt. 38). For the reasons that follow, the Motion (Dkt. 38) is **GRANTED IN PART** and **DENIED WITHOUT PREJUDICE IN PART**.

A.   **Background**

On April 25, 2023, Plaintiff, proceeding *pro* se, initiated this action by filing the Original Complaint (Dkt. 1) in the Northern District of Texas against Defendants Pelican Investment Holdings Group, LLC d/b/a AAP and Auto Service Department, Palmer Administrative Services, Sing for Service, LLC d/b/a Mepco ("Mepco"), and US Dealer Services, Inc. d/b/a US Auto (collectively, "Defendants"). *See* Dkt. 1. at 1–2. On April 25, 2023, the Clerk of Court issued summons to Defendants. *See* Dkt. 5. On May 4, 2023, United States Magistrate Judge Renee Harris Toliver raised the issue of venue *sua sponte* and ordered that this case be transferred to the Sherman Division of the Eastern District of Texas. Dkt. 6 at 3. On May 25, 2023, Plaintiff filed an amended complaint (the "First Amended Complaint") (Dkt. 11) as a matter of course. *See* Dkt. 11; *see also* FED. R. CIV. P. 15(a)(1)(A).

On August 1, 2023, Mepco executed a waiver of service, *see* Dkt. 18, and on September 26, 2023, Mepco filed a motion to dismiss (the "Motion to Dismiss") (Dkt. 27). Plaintiff did not respond.[1] On December 20, 2023, Mr. Andrew Roman Perrong ("Mr. Perrong") entered his appearance on Plaintiff's behalf. *See* Dkt. 34. On December 27, 2023, Plaintiff filed the Motion (Dkt. 38), wherein Plaintiff represents that she has "just recently retained counsel[,] and counsel requires . . . additional time to evaluate the matter and determine the best action in the interest of his client moving forward, which may involve seeking leave to file an amended complaint in this matter." Dkt. 38 at 1. Plaintiff therefore requests that her deadline to file a response to the Motion to Dismiss (Dkt. 27) be extended to January 10, 2024. *See id.* Plaintiff further requests leave to file an amended complaint by January 10, 2024, as she "may" wish to amend her pleading. *See id.* Plaintiff also represents that the Motion (Dkt. 38) is unopposed. *Id.* at 1–2.

**B.     Extension of Time**

Under Rule 6 of the Federal Rules of Civil Procedure, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time." FED. R. CIV. P. 6(b)(1). Despite the "good cause" language, this standard is "lenient." *See, e.g.*, *Devillier v. Texas*, No. 20-cv-223, 2023 WL 2744398, at *1 (S.D. Tex. Mar. 31, 2023). Provided the request for an extension is made prior to the expiration of the time limit at issue, the court "may extend the period for any reason." *L.A. Pub. Ins. Adjusters, Inc. v. Nelson*, 17 F.4th 521, 524 (5th Cir. 2021) (citing FED. R.

---

[1] In the Motion to Dismiss (Dkt. 27), Mepco represents that it "electronically mailed" the Motion to Dismiss (Dkt. 27) to Plaintiff. Dkt. 27 at 21. As the Court had no record of Plaintiff consenting to receive service by e-mail, it ordered Mepco "to file a status report explaining how it served Plaintiff and, if by e-mail (as represented), whether Plaintiff . . . consented in writing to receive such service." Dkt. 36 at 2. In its status report (the "Report") (Dkt. 37), Meco attaches an e-mail from Plaintiff, who stated that she "prefer[s] email for service." Dkt. 37-1. That e-mail was sent from ashraforteza@yahoo.com. *Id.* Mepco also attaches its e-mail serving Plaintiff with the Motion to Dismiss (Dkt. 27). *See* Dkt. 37-4 at 1. That e-mail was sent to mforteza@protonmail.com. *Id.* Mepco does not explain why it served Plaintiff at another e-mail address. However, most of Plaintiff's correspondence with Mepco came from mforteza@protonmail.com. *See* Dkts. 37-2 at 1, 4; 37-3 at 1, 3, 7. Thus, the Court is satisfied that Plaintiff received service of the Motion to Dismiss (Dkt. 27) in a manner consistent with the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 5(b)(2)(E) (permitting service "by other electronic means that the person consented to in writing").

CIV. P. 6(b)(1)(A)). However, if the request for an extension is made after the time has expired, the extension may only be granted "if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B).

The "excusable neglect" standard is "quite flexible" and provides "broad discretion" for a court to either "grant or deny an extension." *Gruhn v. Denison Indep. Sch. Dist.*, No. 20-cv-650, 2021 WL 1689001, at *1 (E.D. Tex. Apr. 29, 2021) (quoting *Mattress Giant Corp. v. Motor Advert. & Design Inc.*, No. 07-cv-1728, 2008 WL 898772, at *2 (N.D. Tex. Mar. 31, 2008)). "Relevant factors to the excusable neglect inquiry include: 'the danger of prejudice to the [non-movant], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161 n.8 (5th Cir. 2006) (quoting *Farina v. Mission Inv. Tr.*, 615 F.2d 1068, 1076 (5th Cir. 1980)).

Under Local Rule CV-7, a "party opposing a motion has fourteen days . . . from the date the motion was served in which to file a response." LOC. R. CV-7(e). Plaintiff was served with the Motion to Dismiss (Dkt. 27) on September 27, 2023. *See* Dkt. 37-4 at 1; *see also* FED. R. CIV. P. 5(b)(2)(E) (stating that service "by other electronic means . . . is complete upon . . . sending"). Fourteen days later is October 11, 2023. Therefore, as the Motion (Dkt. 38) is untimely, it may only be granted if Plaintiff's failure was due to excusable neglect. *See* FED. R. CIV. P. 6(b)(1)(B).

Plaintiff does not explain why she failed to respond to the Motion to Dismiss (Dkt. 27); nor does she make any attempt to argue that her failure was due to excusable neglect. *See* Dkt. 38. Nevertheless, the Court finds excusable neglect and good cause to permit the requested extension. Plaintiff recently retained counsel to represent her in this matter. Prior to Mr. Perrong's appearance, Plaintiff, appearing *pro se*, failed to take several actions necessary to prosecute her

3

case. *See* Dkts. 19 at 1 (failing to respond to a dispositive motion); 29 at 1, 4 (failing to provide initial disclosures and participate in the preparation of the Rule 26(f) Report); 33 at 1–2 (failing to properly serve one of the Defendants). Mr. Perrong appears to be rectifying these issues. *See* Dkts. 38–40. In addition, Mepco is unopposed to, and thus cannot be significantly prejudiced by, the requested extension. Dkt. 38 at 1–2. Furthermore, this case has not yet progressed beyond the pleading stage. Thus, these proceedings will not be significantly impacted by permitting Plaintiff to file an untimely response.

As the Court finds that Plaintiff acted with excusable neglect and there is good cause to permit the requested extension, the Motion (Dkt. 38) is **GRANTED** with respect to Plaintiff's requested extension.

### C.  Leave to Amend

Plaintiff also requests that the Court permit her leave to amend her pleadings, as she "may" decide amendment is necessary. *See* Dkt. 38 at 1. This request is premature and impermissible under the Local Rules.

Under Local Rule CV-7, every "pleading, motion, or response to a motion must be filed as a separate document, except for motions for alternative relief." LOC. R. CV-7(a). The Motion (Dkt. 38) impermissibly requests two forms of relief simultaneously; that is, leave to file an untimely response and leave to amend a potentially defective pleading. *See* Dkt. 38 at 1. Furthermore, Local Rule CV-7 provides that any motion seeking "leave to file a document should be filed separately and immediately before the document for which leave is sought." LOC. R. CV-7(k). Plaintiff has not filed a proposed amended complaint, as she has not yet decided whether amendment is necessary. *See* Dkt. 38 at 1 ("Plaintiff just recently retained counsel[,] and counsel requires the additional time to evaluate the matter and determine the best action in the interest of

4

his client moving forward, which may involve seeking leave to file an amended complaint in this matter."). If Plaintiff decides that amendment is necessary, she may file an appropriate motion, as well as the proposed amended complaint, at that time. Thus, the Motion (Dkt. 38) is **DENIED WITHOUT PREJUDICE** to the extent it seeks leave to file an amended complaint.

## CONCLUSION

**IT IS ORDERED** that the Motion (Dkt. 38) is **GRANTED IN PART** and **DENIED WITHOUT PREJUDICE IN PART**. Specifically, the Motion (Dkt. 38) is **GRANTED** to the extent it seeks additional time to file a response to the Motion to Dismiss (Dkt. 27) and **DENIED WITHOUT PREJUDICE** to the extent it seeks leave to file an amended complaint.

**IT IS FURTHER ORDERED** that Plaintiff's deadline to file a response to the Motion to Dismiss (Dkt. 27) is extended to **January 10, 2024**.

**So ORDERED and SIGNED this 4th day of January, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE