UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| MARICEL FORTEZA, )<br> )<br>　　　Plaintiff, )<br> )<br>　v. )<br> )<br>PELICAN INVESTMENT HOLDINGS )<br>GROUP, LLC DBA AAP AND AUTO )<br>SERVICE DEPARTMENT, US DEALER )<br>SERVICES, INC. DBA US AUTO, PALMER )<br>ADMINISTRATIVE SERVICES, INC., SING )<br>FOR SERVICE, LLC DBA MEPCO, )<br> )<br>　　　Defendants. | CASE NO.: 4:23-CV-00401-ALM-KPJ |

**DEFENDANT, SING FOR SERVICE, LLC D/B/A MEPCO'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Respectfully submitted,

**REID DENNIS & FRICK, P.C.**

*/s/ William E. Reid*

_____
WILLIAM E. REID
State Bar No. 16748500
wreid@reiddennis.com

2600 Dallas Parkway, Suite 380
Dallas, Texas 75034
Tel:　(214) 618-1400
Fax:　(214) 618-1653

**ATTORNEYS FOR DEFENDANT
SING FOR SERVICE, LLC DBA MEPCO**

i

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. iii

I.     INTRODUCTION ............................................................**Error! Bookmark not defined.**

II.    ARGUMENT ...................................................................................................................2

       A.     PLAINTIFF HAS FAILED TO PLEAD ANY CLAIM AGAINST MEPCO **Error! Bookmark not defined.**

       B.     PLAINTIFF HAS FAILED TO ADEQUATELY ALLEGE ANY THEORY OF AGENCY. ................................................................................................................4

       C.     CALLS MADE TO A CELL PHONE CANNOT BE A VIOLATION OF SECTION 227(C) OF THE TCPA ...............................................................................................8

       D.     PLAINTIFF'S AMENDED COMPLAINT FAILS TO STATE A CLAIM UNDER THE TEXAS BUSINESS AND COMMERCE CODE ................................................................9

III.   CONCLUSION ................................................................**Error! Bookmark not defined.**

# **TABLE OF AUTHORITIES**

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009). ..................................................................................... 2

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................................ 2

*Born v. Celtic Mktg. LLC*, No. 8:19-cv-01950-JLS-ADS, 2020 U.S. Dist. LEXIS 89220, at *13 (C.D. Cal. May 20, 2020) ............................................................................ 5

*Callier v. GreenSky, Inc.*, No. 20-cv-304, 2021 WL 2688622, at *6 (W.D. Tex. May 10, 2021) ........................................................................................................................ 9

*Cherakaoui v. Santander Consumer USA, Inc.*, 32 F. Supp. 3d 811, 815 (S.D. Tex. 2014) ......... 9

*Couser v. Pre-Paid Legal Servs., Inc.*, 994 F. Supp. 2d 1100 (S.D. Cal. 2014) ......................... 6,7

*Cunningham v. Britereal Mgmt., Inc.*, No. 20-cv-144, 2020 WL 7391693, at *7 (E.D. Tex. Nov. 20, 2020) ........................................................................................................ 9

*Cunningham v. Lifestyles Dev., LLC*, No. 4:19-cv-00006-ALM-CAN, 2019 U.S. Dist. LEXIS 154112 at *12 (E.D. Tex. Aug. 8, 2019) ................................................................ 5

*Cunningham v. Politi*, No. 4:18-cv-00362, 2019 WL 2519702, at *7 (E.D. Tex. Apr. 26, 2019) (Nowak, M.J.) ............................................................................................... 4,5,10

*Cunningham v. TechStorm*, No. 3:16-cv-2879-M, 2017 WL 721079 (E.D. Tex. June 19, 2019 .................................................................................................................................. 5

*Garcia v. Pelican Inv. Holdings Grp., LLC,* No. SACV2200699CJCJDEX, 2022 WL 17550828 (C.D. Cal. Nov. 10, 2022) .............................................................................. 6

*Hunsinger v. Alpha Cash Buyers, LLC*, Civil Action No. 3:21-CV-1598-D, 2022 WL 562761, *3 (N.D. Tex. Feb. 24, 2022) ......................................................................... 8,9

*Johnson v. Palmer Administrative Services, Inc.*, Case No. 6:22-CV-00121-JCB-KNM, *8 (E.D. Tex. Oct. 20, 2022) .......................................................................................... 9

*Linlor v. Five9, Inc.*, No. 17-cv-218-MMA (BLM), 2017 U.S. Dist. LEXIS 108162, at *3 (S.D. Cal. 2017) .......................................................................................................... 5

*McFadden v. Washington Metro. Area Transit Auth.*, 949 F. Supp. 2d 214 (D.D.C.), ........... 6,7,8

*Mey v. Matrix Warranty Sols., Inc.*, No. 5:21-cv-62, 2021 WL 11421816 (N.D. W. Va. Oct. 15, 2021 ..................................................................................................................... 6

*Naiman v. Freedom Forever, LLC*, No. 19-cv-00256-JSC, 2019 U.S. Dist. LEXIS 69728
    at \*4 (N.D. Cal. Apr. 24, 2019)); ..................................................................................... 5

*Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932 (1986) ...................................................... 2

*Sheski v. Shopify (USA) Inc.*, Case No. 19-cv-06858-HSG, 2020 U.S. Dist. LEXIS
    84433, at \*12-13 (N.D. Cal. May 13, 2020) .................................................................. 5,8

*Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011 ................................................................ 2,6

*R. & R. adopted*, 2020 WL 7388415 (E.D. Tex. Dec. 16, 2020) ..................................................... 9

**Statutes**

TCPA) ................................................................................................................................. passim

47 C.F.R. § 64.1200(d) ................................................................................................................ 8,9

47 C.F.R. § 64.1201(d) ................................................................................................................... 8

47 U.S.C. 227(c)(1)… ..................................................................................................................... 8

Texas Business and Commerce Code, §§ 302.101(a), 302.303 305.053 ................................. 1,10

**TO THE HONORABLE MAGISTRATE JUDGE KIMBERLY JOHNSON:**

Defendant SING for Service, LLC d/b/a Mepco ("Mepco") files its Reply Brief in Support of its Motion To Dismiss [Doc. 27] and moves this Court to enter an Order dismissing Plaintiff's Amended Complaint [Doc.11] against Mepco.

## I. INTRODUCTION

Plaintiff's Amended Complaint fails to state any specific factual allegations sufficient to state a viable claim against Sing for Service, LLC d/b/a Mepco ("Mepco"), and Plaintiff's response does not point to any allegations in her pleading that could plausibly support a claim. Instead, Plaintiff's response is centered on inapplicable language from a vehicle service contract payment plan agreement received by Plaintiff <u>after</u> any allegedly violative calls had been made and <u>after</u> Plaintiff purchased a vehicle service contract from an entity that is not affiliated with Mepco. That language has nothing to do with any calls that Plaintiff received and nothing to do with Mepco's knowledge of or control over such calls. Rather, that agreement only highlights Mepco's limited role as a company that processes installment payments, with no involvement in marketing or sales activities. Plaintiff's mistaken reliance on a payment plan agreement cannot save her deficient complaint.

Plaintiff's Response attempts to muddle the standard required to plead an agency relationship, ignores the fact that that this Court's prior decisions do not recognize a cell phone as a residential phone giving rise to TCPA liability, and incorrectly distinguishes between the required elements of pleading TCPA violations and Texas Business and Commerce Code §§ 302.101(a), 302.303, 305.053 violations. Plaintiff's arguments are a mere distraction from the fundamental issue: Plaintiff's Amended Complaint fails to state any claim against Mepco and must be dismissed.

## II. ARGUMENT

A. **PLAINTIFF HAS FAILED TO PLEAD ANY CLAIM AGAINST MEPCO.**

Plaintiff's lawsuit against Mepco falls far short of satisfying the pleading requirements of Fed. R. Civ. P. 8(a), as articulated in the United States Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "<u>A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do</u>." *Iqbal*, 556 U.S. at 678 (emphasis added)(quoting *Twombly*, 550 U.S. at 555). "<u>Nor does a claim suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement</u>.'" *Id.* (emphasis added) (quoting *Twombly* 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. While a court must accept all well-pleaded factual allegations as true, it need <u>not</u> "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932 (1986)); *see also Iqbal*, 556 U.S. at 678. A complaint "must allege enough facts to move the claim 'across the line from conceivable to plausible'." *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011 (quoting *Twombly*, 550 U.S. at 570).

Plaintiff's Amended Complaint alleges her claims relate to a series of calls received between October 12, 2022, and January 19, 2023. (*See* Pltf.'s Am. Compl., ECF No. 11, PageID. # 18, ¶ 41). After receiving two such calls, one on October 28, 2022 "from Defendant Auto Service department[,]" and another on January 17, 2023 "from Defendant US Auto [,]" Plaintiff alleges she received vehicle service contacts ("VSCs") from Defendants Auto Service Department and US Auto. (*See id.* at PageID#.18-19, ¶¶ 44-45). Plaintiff does not allege that either call was made by Mepco, nor that she received any information about Mepco until after she received the VSCs. (*See id.*). Plaintiff merely alleges that Mepco was "the Finance Company or the Payment Plan

Provider." (*See id.*).  The VSC Plaintiff allegedly received from Defendant Auto Service Department identifies Mepco only as the "Payment Plan Provider." (*See* Pltf.'s Am. Compl, Ex. B, PageID.38).  The VSC Plaintiff received from US Auto does not name Mepco and instead names "PayLink Direct" as the payment plan processor. (*See* Pltf.'s Am. Compl., Ex. C, PageID. #50).[1]

The payment plan agreement between Plaintiff and seller, Auto Service Department, which identifies Mepco as the payment plan provider, ECF No. 11-2, "contains a literal agency clause[,]""supposedly demonstrates agency between Mepco and the other named Defendants. (*See* Pltf's Brf. in Resp. to Mtn. to Dism., ECF No. 44, PageID#.231).  This simply cannot be.  First, the payment plan agreement was not executed until after any calls were made to Plaintiff as Plaintiff agreed to the payment plan only after receiving such calls.  The agency clause Plaintiff now references allows Mepco to appoint third parties to "to take certain actions on its behalf in connection with this Agreement [,]" meaning that Mepco can authorize third parties, for example a collections agency, to take certain actions with respect to the payment plan agreement itself. (*See* ECF No. 11-2, PageID#.38).  It cannot be construed to confer agency authority on any entity prior to execution of the payment plan agreement itself – and for this reason, it simply is not related the calls Plaintiff claims to have received on October 12, 21 and 28 of 2022, prior to executing the payment plan agreement. (*See* ECF No. 11-1, PageID#27; ECF No. 11-2, PageID#.38).  And to reiterate, the later calls which Plaintiff claims to have received on January 9, 17, and 19 of 2023

---

[1] While Mepco may eventually have been the payment plan processor for the VSC Plaintiff alleges she received on October 28, 2022, Plaintiff's allegation of a connection – however attenuated – between Mepco and the VSC she alleges she received on January 17, 2023, is directly contradicted by the documents she attached to her Amended Complaint. (*See id.*).

3

led to a vehicle service contract and payment plan agreement which does not name Mepco a single time. (*See* ECF No. 11-1, PageID#.27; ECF No. 11-3).[2]

The payment plan agreement makes clear that Mepco's role is limited to that of a payment processor, as it separately defines the seller and administrator of the VSC, making clear that Mepco has no involvement in those functions. (*See* ECF No. 11-2, PageID. #38). The payment plan agreement indicates that it "is entered into to enable [Plaintiff] to pay for the [VSC] pursuant to an installment payment program, and that "[c]ancelling this Agreement does not immediately cancel your [VSC]; it only cancels your payment plan." (*Id*. At PageID. #39). The subject matter of the payment plan agreement is limited to Mepco's collection of installment payments, and it has absolutely nothing to do with any marketing or telemarking that occurred prior to the sale of the VSC. The payment plan agreement does not support a finding of vicarious liability.

Plaintiff's reliance on the payment plan agreement, highlights the fact that Plaintiff has failed to provide any non-speculative basis for why she believes Mepco made or directed any of the allegedly violative phone calls at issue (*See* Pltf.'s Am. Compl., ECF No. 11). Plaintiff admits that Defendants Auto Service Department and US Auto are responsible for the phone calls she identified. (*See id.* at PageID#.18-19, ¶¶ 44-45). Accordingly, each of Plaintiff's claims against Mepco must be dismissed. *See Cunningham v. Politi*, No. 4:18-cv-00362, 2019 WL 2519702, at *7 (E.D. Tex. Apr. 26, 2019) (Nowak, M.J.) (dismissing Cunningham's claim under Section 227(b) of the TCPA because he "fails to identify a single call directly made by [Defendant] or to provide

---

[2] If an exhibit attached to the complaint contradicts an allegation in the complaint the exhibit controls. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004). Therefore, despite Plaintiff's claim that the VSC with between Plaintiff and US Auto involves Mepco, the VSC itself contradicts this allegation because Mepco is not named therein – therefore, Plaintiff's claims related to the second VSC attached to the complaint must be dismissed outright. See *id.*

4

any non-speculative basis for why he believes [the defendant] made or directed any of the allegedly violative phone calls . . . .") *report and recommendation adopted*, No. 4:18-cv-362, 2019 WL 2526536, at *1 (E.D. Tex. June 19, 2019); *TechStorm*, No. 3:16-cv-2879-M, 2017 WL 721079 (E.D. Tex. June 19, 2019), at *2 (dismissing Cunningham's complaint because it failed to provide sufficient factual allegations regarding the source, time, and frequency of the alleged calls).

B. **PLAINTIFF HAS FAILED TO ADEQUATELY ALLEGE ANY THEORY OF AGENCY.**

Plaintiff argues that Mepco's identification as a "lien holder" in the VSC attached to Plaintiff's Amended Complaint and the fact that the VSC indicates that Plaintiff entered an "installment agreement" with Mepco is sufficient to support a theory of agency and a claim for vicarious liability against Mepco for the calls at issue. (*See* Pltf's Brf. in Resp. to Mtn. to Dism., ECF No. 44, PageID. #230). To the contrary, these allegations fail to adequately allege any theory of agency for each of the reasons previously identified in Mepco's Brief in Support of its Motion to Dismiss, ECF No. 27.[3] And as a factual matter, neither of those documents contain any language that would support a theory that Mepco authorized or even had knowledge of the calls at issue.

---

[3] *See also Cunningham v. Lifestyles Dev., LLC*, No. 4:19-cv-00006-ALM-CAN, 2019 U.S. Dist. LEXIS 154112 at *12 (E.D. Tex. Aug. 8, 2019) ("Plaintiff must allege factual allegations regarding [defendant's] relationship with the purported agents/callers – broad, general allegations are not sufficient.") (citing *Naiman v. Freedom Forever, LLC*, No. 19-cv-00256-JSC, 2019 U.S. Dist. LEXIS 69728 at *4 (N.D. Cal. Apr. 24, 2019)); *Sheski v. Shopify (USA) Inc.*, Case No. 19-cv-06858-HSG, 2020 U.S. Dist. LEXIS 84433, at *12-13 (N.D. Cal. May 13, 2020) ("In order to allege a traditional agency relationship, Plaintiff would have to allege Defendant controlled or had the right to control [the entity responsible for the text messages] and, more specifically, the manner and means of the text message campaign they conducted.") (alteration in original) (quoting *Linlor v. Five9, Inc.*, No. 17-cv-218-MMA (BLM), 2017 U.S. Dist. LEXIS 108162, at *3 (S.D. Cal. 2017)); *Born v. Celtic Mktg. LLC*, No. 8:19-cv-01950-JLS-ADS, 2020 U.S. Dist. LEXIS 89220, at *13 (C.D. Cal. May 20, 2020) (dismissing plaintiff's TCPA claim after finding allegations attempting to attribute telemarketers contacts with the forum to vehicle protection administrator defendants under agency theories to be insufficient for failure to show "the principal's right of control.").

But even beyond such arguments previously raised, Plaintiff primarily relies on two cases, *Couser v. Pre-Paid Legal Servs., Inc.*, 994 F. Supp. 2d 1100 (S.D. Cal. 2014) and *McFadden v. Washington Metro. Area Transit Auth.*, 949 F. Supp. 2d 214 (D.D.C.), which are entirely distinguishable from the present lawsuit, in support of her agency contentions.[4] In the *Couser* case, a TCPA claim was brought against Defendant CallFire, a software entity responsible for software that executed a calling campaign resulting in calls to the TCPA plaintiff. *See Couser*, 994 F. Supp. 3d 1101-02 ("Legal Shield used CallFire to promote its business, and Couser alleges that she received approximately 40 unsolicited promotional calls that were made with an automatic telephone dialing system *and* utilized an artificial or prerecorded voice."). In that case, CallFire filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6), arguing that the plaintiff had failed to allege it was responsible for any TCPA violative calls and that it was only a software provider. *See id.* Plaintiff argues that its bare allegations against Mepco here are sufficient to state a claim

---

[4] Plaintiff also points to prior district court holdings wherein Mepco's motions to dismiss were denied to suggest that it has sufficiently alleged an agency theory of liability. *See Garcia v. Pelican Inv. Holdings Grp., LLC,* No. SACV2200699CJCJDEX, 2022 WL 17550828 (C.D. Cal. Nov. 10, 2022); *Mey v. Matrix Warranty Sols., Inc.*, No. 5:21-cv-62, 2021 WL 11421816 (N.D. W. Va. Oct. 15, 2021). In *Mey*, the Court performed only a perfunctory, notice pleading analysis of the Plaintiff's Complaint:

> [T]his Court finds that the plaintiff's Complaint asserts factual allegations against the Mepco Defendant's sufficient to "raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. In order to properly state a claim for relief, plaintiff is required to provide a "short and plain statement of the claim" that gives defendants "fair notice of what the claim is and the grounds upon which it rests." *Id.* Plaintiff has met this standard and her claims are pled with sufficient specificity.

2021 WL 11421816, at *6. This analysis does not comport with the current pleading requirements, as described *supra*, because there is no analysis regarding whether Plaintiff's allegations raise a right to relief above mere speculation and "across the line from conceivable to plausible." *See Turner,* 663 F.3d at 775 (internal citations omitted). Therefore, it should have no bearing on this case. The present case is further distinguishable from *Garcia*, because unlike in that case, there is no allegation of a conspiracy by which Mepco was aware of, directed, controlled, and/or ratified any other Defendant's conduct. *See* 2022 WL 17550828 at *4.

6

because the *Couser* court explained: "[w]hatever the true and exact relationship between CallFire and its customers is, the Court finds it to be too fact-intensive, and certainly too disputed, to be resolved at the motion to dismiss phase in CallFire's favor." (*See* Pltf's Brf. in Resp. to Mtn. to Dism., ECF No. 44, PageID.230 (citing *Couser*, 994 F. Supp. at 1103)). But the full context of the *Couser* Court's analysis is necessary to show how the Court reached this decision, as the preliminary allegations indicated that CallFire placed the calls at issue:

> But CallFire also describes its service in a way that suggests it actually places the calls. For example, its Terms of Service notifies customers, 'You represent and warrant that the owners of the phone numbers you provide to CallFire, to which outbound messages and broadcasts are transmitted through Service….' (Mot. at 2.) It also says, "You further agree that CallFire is, under no circumstances responsible for the contents and/or accuracy of your messages or broadcasts and CallFire will only transmit them…." CallFire argues later in its motion that its role 'is akin to a common carrier or software provider that simply receives instructions and transmits based on those instructions without alteration.' (Mot. at 6.) This all gives the impression that CallFire is the caller, or certainly close enough to the caller.

*Couser*, 994 F. Supp. at 1103.

Unlike in *Couser*, Plaintiff does not allege that Mepco made any call, transmitted any call, or otherwise facilitated any of the calls. The findings in *Couser* do not suggest that Plaintiff has adequately alleged that Mepco is vicariously liable for the acts of the caller but demonstrate that <u>more is required</u> to allege that Mepco is directly or indirectly responsible for the calls at issue. *See id.* In *Couser*, language in CallFire's terms of service suggested that CallFire was responsible for outgoing calls, and there is no such language in this case. *See id.*

The *McFadden* case has nothing to do with TCPA claims, and the portion Plaintiff points to relates to an affirmative defense raised by defamation defendants arguing that a defamation claim was not timely brought because the plaintiff had constructive knowledge of the allegedly defamatory statements through an agency relationship with the plaintiff's union such that a statute of limitations defense applied. *See* 949 F. Supp. 2d 214, 222 (2013). In rejecting this defense, the

7

*McFadden* Court explained: "[a]nd the complaint in this case – the focal point of the Court's review on a 12(b)(6) motion – does not concede the existence of an agency relationship between plaintiff and his union representatives. The agency question is a factual issue ill-suited for resolution at the motion to dismiss stage." See *id.* Thus, *McFadden* has nothing to do with alleging an agency relationship sufficient to sustain a TCPA claim and does not in any way refute the numerous cases presented by Mepco that outline the requirements for successfully pleading an agency relationship in the TCPA context. This includes alleging, with specific factual support, that Mepco had control or the right to control the calling campaign which resulted in Plaintiff receiving the calls at issue. *See Sheski,* 2020 U.S. Dist. LEXIS 84433, at *12-13. Plaintiff has not done that here and failed to adequately allege that Mepco is directly or indirectly liable for the calls she received.

C. **CALLS MADE TO A CELL PHONE CANNOT BE A VIOLATION OF SECTION 227(C) OF THE TCPA.**

Count II of Plaintiff's Amended Complaint, for a violation of Section 227(c)(5) of the TCPA, also fails to state a claim upon which relief can be granted because calls to a cell phone cannot violate such TCPA Section as implemented by 47 C.F.R. § 64.1201(d). The language of the TCPA specifically provides that the regulations implemented pursuant to Section 227(c) concern only "the need to protect residential telephone subscribers' privacy rights." 47 U.S.C. 227(c)(1). Further, the plain language of the regulation Plaintiff relies on provides:

> No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity.

47 C.F.R. § 64.1200(d).

Although certain United States District Courts outside of the Fifth Circuit have applied 47 C.F.R. § 64.1200(d) to TCPA violative calls received on cell phone numbers, indeed select courts within the Fifth Circuit have done the same, *see Hunsinger v. Alpha Cash Buyers, LLC*, Civil

8

Action No. 3:21-CV-1598-D, 2022 WL 562761, *3 (N.D. Tex. Feb. 24, 2022) ("The court therefore concludes that Hunsinger has alleged sufficient facts for the court to draw the reasonable inference that his cellular telephone is a "residential telephone" for purposes of 47 C.F.R. §§ 64.1200(c) and (d)."), this Court has more recently held that "[t]he majority of the persuasive precedent holds 47 C.F.R. § 64.1200(d) does not encompass cell phones." *Johnson v. Palmer Administrative Services, Inc.*, Case No. 6:22-CV-00121-JCB-KNM, *8 (E.D. Tex. Oct. 20, 2022).

In this very case, this Court has acknowledged that "there is 'a split of authority regarding whether 'residential telephone subscriber' includes cell phone users." (*See* Report and Recommendation of United States Magistrate Judge Denying Pelican Defendants Motion to Dismiss, ECF No. 41, PageID.210, Fn. 4). This Court further pointed to additional holdings in support of the proposition that residential telephone subscriber does not include cell phone users. *See Callier v. GreenSky, Inc.*, No. 20-cv-304, 2021 WL 2688622, at *6 (W.D. Tex. May 10, 2021) (calls made to a cell phone and 'not a residential line' preclude liability under § 64.1200(d)); *Cunningham v. Britereal Mgmt., Inc.*, No. 20-cv-144, 2020 WL 7391693, at *7 (E.D. Tex. Nov. 20, 2020, (holding that § 64.1200(d) is inapplicable to "cell phones"), *R. & R. adopted*, 2020 WL 7388415 (E.D. Tex. Dec. 16, 2020). Accordingly, this Court should follow the prior decisions of the United States District Court for the Eastern District of Texas and find that § 64.1200(d) does not apply to cell phone users.

**D.  PLAINTIFF'S AMENDED COMPLAINT FAILS TO STATE A CLAIM UNDER THE TEXAS BUSINESS AND COMMERCE CODE.**

"The Texas TCPA proscribes only that conduct which is also prohibited by the TCPA. If no violation of the TCPA exists, there is no violation of the Texas TCPA. Because Plaintiff's TCPA claims fail, her state Texas Business and Commerce Code claim must also be dismissed" *See Cherakaoui v. Santander Consumer USA, Inc.*, 32 F. Supp. 3d 811, 815 (S.D. Tex. 2014) ("As

9

Santander did not violate the TCPA, Santander also did not violate related Texas state law claims arising under the Texas Business and Commerce Code § 305.053 ("Texas TCPA"); *see also*, *Politi,* 2019 WL 2519702, at *7 ("Because Plaintiff's underlying (federal) TCPA claims fail, Plaintiff's state TCPA claim under § 305.053 also fails.").

Moreover, Plaintiff's Section 302 Texas Business and Commerce Code claim still requires that Plaintiff allege that Mepco "make a telephone solicitation from a location in this state or to a purchaser located in this state." See Tex. Bus. & Com. § 302.302. Plaintiff has not alleged that Mepco directly initiated a call to Plaintiff, therefore her only hope is that this Court finds that she adequately alleged Mepco is responsible for such calls under an agency theory of liability – the same agency theory of liability that applies to TCPA claims. Because Plaintiff has failed to adequately allege that Mepco is indirectly responsible for any calls made to Plaintiff under an agency theory, as discussed *supra* and in Mepco's Brief in Support of Motion to Dismiss, Plaintiff's Texas Business and Commerce Code claims against Mepco must also fail.

### III.   CONCLUSION

Plaintiff's Amended Complaint does not contain sufficient facts regarding Mepco to state a claim for relief that is plausible on its face, and she cannot otherwise save her claims against Mepco by relying on the generic, "threadbare" legal conclusions that she has alleged against all "Defendants" without distinction. Thus, Plaintiff's Amended Complaint fails to satisfy Rule 8(a)'s pleading requirements as against Mepco and must be dismissed. For the foregoing reasons, Defendant Mepco respectfully requests that this Court dismiss Plaintiff's Amended Complaint as to Mepco with prejudice.

Date: January 17, 2024

Respectfully submitted,

/s/ William E. Reid

_____

WILLIAM E. REID
State Bar No. 16748500
wreid@reiddennis.com

**REID DENNIS & FRICK, P.C.**
2626 Cole Avenue | Suite 300
Dallas, Texas 75204-1094
Telephone:     214/618-1400
Facsimile:     214/618-1653

**ATTORNEYS FOR DEFENDANT
SING FOR SERVICES, LLC DBA MEPCO.**

**CERTIFICATE OF SERVICE**

On January 17, 2024, I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas and electronically mailed this document to all parties by a manner authorized by Federal Rules of Civil Procedure 5(b).

/s/ William E. Reid

_____

WILLIAM E. REID