UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **MARICEL FORTEZA,**<br><br>Plaintiff,<br><br>vs.<br><br>**PELICAN INVESTMENT HOLDINGS GROUP, LLC DBA AAP AND AUTO SERVICE DEPARTMENT, US DEALER SERVICES, INC. DBA US AUTO, PALMER ADMINISTRATIVE SERVICES, INC., SING FOR SERVICE, LLC DBA MEPCO,**<br><br>Defendants. | **CASE NO.: 4:23-CV-00401-ALM-KPJ** |

**DEFENDANT, PALMER ADMINISTRATIVE SERVICES, INC.'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT [D.E. 11]**

Defendant, PALMER ADMINISTRATIVE SERVICES, INC ("Palmer"), hereby files this Answer and Affirmative Defenses to Plaintiff, Marciel Forteza's ("Plaintiff"), Amended Complaint [D.E. 11] ("Amended Complaint") and in support thereof states as follows:

**PARTIES**

1. Without knowledge, therefore denied and strict proof is demanded thereof.

2. Paragraph 2 does not contain a statement directed toward Palmer, therefore denied.

3. Paragraph 3 does not contain a statement directed toward Palmer, therefore denied.

4. Paragraph 4 does not contain a statement directed toward Palmer, therefore denied.

5. Paragraph 5 does not contain a statement directed toward Palmer, therefore denied.

6. Admitted.

7. Paragraph 7 does not contain a statement directed toward Palmer, therefore denied.

## JURISDICTION AND VENUE

8. Admitted to the extent that Plaintiff's Amended Complaint is based on the TCPA, pursuant to 28 U.S.C. §1331 and the Texas Business and Commerce Code 305.053. However, Palmer denies that Plaintiff is entitled to any relief under the causes of action alleged in the Amended Complaint.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

13. The TCPA speaks for itself and therefore the allegations of this paragraph are neither admitted nor denied.

14. The statute, 47 U.S.C. §227(b)(1)(A)(iii), speaks for itself and therefore the allegations of this paragraph are neither admitted nor denied.

15. The statute, 47 U.S.C. § 227(b)(l)(B), speaks for itself and therefore the allegations of this paragraph are neither admitted nor denied.

16. The statute, 47 U.S.C. § 227(b)(3), speaks for itself and therefore the allegations of this paragraph are neither admitted nor denied.

17. The statutes, 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1), speak for themselves and therefore the allegations of this paragraph are neither admitted nor denied.

18. The statute, 47 U.S.C. § 227(c)(5), speaks for itself and therefore the allegations of this paragraph are neither admitted nor denied.

19. The findings of the FCC speak for itself and therefore the allegations of this paragraph are neither admitted nor denied.

20. The findings of the FCC speak for itself and therefore the allegations of this paragraph are neither admitted nor denied.

21. The findings of the FCC speak for itself and therefore the allegations of this paragraph are neither admitted nor denied.

22. The cited references speak for themselves and therefore the allegations of this paragraph are neither admitted nor denied.

23. The cited reference speaks for itself and therefore the allegations of this paragraph are neither admitted nor denied.

24. The cited reference speaks for itself and therefore the allegations of this paragraph are neither admitted nor denied.

25. The cited references speak for themselves and therefore the allegations of this paragraph are neither admitted nor denied.

## **NATURE OF ACTION**

26. Paragraph 26 does not contain a statement directed toward Palmer, therefore denied.

27. Paragraph 27 does not contain a statement directed toward Palmer, therefore denied. Additionally, Palmer denies that Plaintiff is entitled to any relief under the causes of action alleged in the Amended Complaint.

28. Paragraph 28 does not contain a statement directed toward Palmer, therefore denied. Additionally, Palmer denies that Plaintiff is entitled to any relief under the causes of action alleged in the Amended Complaint.

## FACTUAL ALLEGATIONS

29. Without knowledge, therefore denied and strict proof is demanded thereof.

30. Without knowledge, therefore denied and strict proof is demanded thereof. It is believed that the telephone number listed in paragraph 30 of the Amended Complaint belongs to, is registered to, is used by, or is owned by Craig Cunningham.

31. Without knowledge, therefore denied and strict proof is demanded thereof.

32. Without knowledge, therefore denied and strict proof is demanded thereof.

33. Without knowledge, therefore denied and strict proof is demanded thereof. However, it is believed that the telephone number listed in paragraph 30 of the Amended Complaint belongs to, is registered to, is owned by, or is used by Craig Cunningham.

34. Without knowledge, therefore denied and strict proof is demanded thereof. It is believed that the telephone number listed in paragraph 30 of the Amended Complaint belongs to, is registered to, is used by, or is owned by Craig Cunningham and may be associated with a business or an enterprise.

35. Paragraph 35 does not contain a statement directed toward Palmer, therefore denied.

36. To the extent that this paragraph 36 is directed to Palmer, denied. Without knowledge as to the other defendants.

37. The one cited case from 2015 is not evidence of Palmer being "previously sued multiple times in federal and state courts across the country" and it is very telling that the one case used as an example was filed by Craig Cunningham. Said single case speaks for itself. Based on all of the above, the allegations of this paragraph are denied.

38. To the extent that this paragraph 38 is directed to Palmer, denied. Without knowledge as to the other defendants.

**Alleged calls to Plaintiff and violations of 47 USC 227(b)**

39. Denied as to Palmer and strict proof is demanded thereof. Without knowledge as to any of the claims against any of the other defendants.

40. Without knowledge, therefore denied and strict proof is demanded thereof.

41. Denied as to Palmer and strict proof is demanded thereof. Without knowledge as to any of the claims against any of the other defendants.

42. Denied as to Palmer and strict proof is demanded thereof. Without knowledge as to any of the claims against any of the other defendants.

43. Denied as to Palmer and strict proof is demanded thereof. Without knowledge as to any of the claims against any of the other defendants.

44. Exhibit B speaks for itself and therefore the allegations of this paragraph are neither admitted nor denied.

45. Exhibit C speaks for itself and therefore the allegations of this paragraph are neither admitted nor denied.

**The Plaintiff's cell phone is a residential number**

46. Without knowledge, therefore denied and strict proof is demanded thereof. It is believed that the telephone number listed in paragraph 46 of the Amended Complaint belongs to, is registered to, is used by, or is owned by Craig Cunningham and may be associated with a business or an enterprise.

**Violations of the Texas Business And Commerce Code**
**Title 10, Subtitle A**

47. Paragraph 47 does not contain a statement directed toward Palmer, therefore denied.

48. Paragraph 48 does not contain a statement directed toward Palmer, therefore denied. Additionally, Palmer denies that Plaintiff is entitled to any relief under the causes of action alleged in the Amended Complaint.

49. Paragraph 49 does not contain a statement directed toward Palmer, therefore denied. Additionally, Palmer denies that Plaintiff is entitled to any relief under the causes of action alleged in the Amended Complaint.

50. Denied as to Palmer and without knowledge as to the other defendants named in the Amended Complaint.

51. Denied as to Palmer. Without knowledge as to the other defendants and the claims made herein.

**FIRST CLAIM FOR RELIEF**
**(Non-Emergency to Cellular Telephones, 47 U.S.C. § 227(b)(1)(A))**
**(Against All Defendants)**

1. Paragraph 1 does not contain a statement directed toward Palmer, therefore denied. Palmer denies that it made or initiated calls to Plaintiff or otherwise violated the TCPA. Palmer denies that Plaintiff is entitled to any relief under the causes of action alleged in the Amended Complaint.

2. Plaintiff lumps all of the defendants together. However, Palmer denies any allegations directed towards it and denies making robocalls. Any other allegations are denied as well.

3. Denied.

4. Denied.

5. Admitted to the extent that Plaintiff is seeking a permanent injunction, however denied that Plaintiff is entitled to any relief under the causes of action alleged in the Amended Complaint.

**SECOND CLAIM FOR RELIEF**
**(Telemarketing Without Mandated Safeguards, 47 C.F.R. § 64.1200(d))**
**(Against All Defendants)**

6. Paragraph 6 does not contain a statement directed toward Palmer, therefore denied. Palmer denies that it made or initiated calls to Plaintiff or otherwise violated the TCPA. Palmer denies that Plaintiff is entitled to any relief under the causes of action alleged in the Amended Complaint.

7. Denied as phrased.

   a. Denied.

   b. Denied.

   c. Denied.

8. Denied.

9. Denied

10. Admitted to the extent that Plaintiff is seeking a permanent injunction, however denied that Plaintiff is entitled to any relief under the causes of action alleged in the Amended Complaint.

### THIRD CLAIM FOR RELIEF
### (Violations of the Texas Business and Commerce Code 301.101(a), 302.302)

11. Paragraph 11 does not contain a statement directed toward Palmer, therefore denied. Palmer denies that it made or initiated calls to Plaintiff or otherwise violated the TBCC.

12. Denied.

13. Denied that Plaintiff is entitled to any relief under the causes of action alleged in the Amended Complaint.

### FOURTH CLAIM FOR RELIEF
### (Violations of The Texas Business and Commerce Code 305.053)

14. Paragraph 14 does not contain a statement directed toward Palmer, therefore denied. Palmer denies that it made or initiated calls to Plaintiff or otherwise violated the TBCC.

15. Denied.

16. Denied that Plaintiff is entitled to any relief under the causes of action alleged in the Amended Complaint.

17. Denied that Plaintiff is entitled to any relief under the causes of action alleged in the Amended Complaint.

### PRAYER FOR RELIEF

Palmer denies that Plaintiff is entitled any relief contained within the PRAYER FOR RELIEF.

Any allegations not specifically addressed above are also expressly denied.

### AFFIRMATIVE DEFENSES

Palmer asserts the following affirmative defenses with respect to Plaintiff's causes of actions and claims contained in the Amended Complaint.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred on the grounds that they fail to set forth a claim upon which relief may be granted and fail to set forth sufficient ultimate facts in support of a claim for violation of the TCPA or the TBCC.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because Plaintiff fails to satisfy all conditions precedent and necessary to maintaining her claims.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the exceptions provided under the TCPA and the TBCC.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because Plaintiff did not suffer any actual damages.

**FIFTH AFFIRMATIVE DEFENSE**

Some or all of Plaintiff's claims should be barred because Plaintiff failed to mitigate, limit, or avoid her alleged damages.  Palmer is entitled to have sums to which Plaintiff may be entitled, if any, reduced by the amount Plaintiff could reasonably have been able to mitigate, minimize, or avoid those alleged damages.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for treble damages are barred because Palmer did not knowingly or willfully engage in any misconduct.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because imposing statutory damages and/or exemplary/punitive damages on Palmer under the TCPA and/or the TBCC would violate the Due Process provisions of both the United States Constitution and the Texas Constitution.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred for lack of standing because Plaintiff welcomed the alleged phone calls, was not annoyed, suffered no nuisance and did not suffer an injury.

### NINTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims should be barred because Plaintiff was not charged for the alleged phone calls.  Therefore, she suffered no real damages.

### TENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims should be barred for lack of standing due to the absence of the requisite injury necessary to possess the required standing.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint is an improper pleading and cannot be allowed to remain pending because it raises various claims collectively against all of the named Defendants with no effort to identify which purportedly tortious act was committed by which named Defendant. Furthermore, the Amended Complaint fails to set forth the ultimate facts with sufficient clarity to allow Palmer to distinguish the specific actions against it, to provide an intelligent answer, or to formulate a proper defense.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Doctrine of Unclean Hands because Plaintiff falsely and improperly provided her credit card for payment of the subject automotive warranty knowing she intended to cancel such transactions after eliciting the issuance of the subject automotive warranty.  Plaintiff's actions described herein were intentional and unethical.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff willfully and intentionally made illegal and improper use of process by filing fabricated lawsuits under the TCPA and the TBCC based on purported violations resulting from Plaintiff's improper conduct.  Plaintiff had ulterior motives and purposes in exercising process including, but not limited to, attempting to illicit quick cash settlements where no valid cause of action existed.  As such, Plaintiff's actions caused injury to Palmer, and Plaintiff's claims should be dismissed.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by any or all of the affirmative defenses contemplated by the Texas Rules of Civil Procedure.  To the extent Plaintiff's claims may be barred by one or more of the affirmative defenses not specifically cited above, Palmer incorporates all such defenses set forth in, or contemplated by, Texas State law.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred as it is believed that Plaintiff willfully and intentionally made illegal and improper use of process by filing fabricated lawsuits under the TCPA based on purported violations resulting from the fraudulent conduct as described herein.  Plaintiff had ulterior motives and purposes in exercising process including, but not limited to, to illicit quick cash settlements where no valid cause of action existed.  Plaintiff's actions caused injury to Palmer and cannot be allowed to advance.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred as Plaintiff does not come to this Action with clean hands and she is not the owner of the phone number allegedly called and her claims are barred.  It is believed

that Craig Cunningham is the person running this lawsuit and that this lawsuit was not brought in good faith.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's' claims are barred because Palmer did not use an automatic telephone dialing system as defined under the TCPA, the Eleventh Circuit's decision in *Melanie Glasser v. Hilton Grand Vacations Company, LLC*, No. 18-14499 (11th Cir. Jan. 27, 2020), and by the Supreme Court of the United States' decision in *Facebook, Inc. v. Duguid, et al.*, 141 S. Ct. 1163 (2021).

### EIGHTEENTH AFFIRMATIVE DEFENSE

The Amended Complaint is an improper shotgun pleading and cannot be allowed to remain pending. Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009). Accordingly, "shotgun pleadings," such as the Amended Complaint, are improper and warrant dismissal for failing to meet the pleading standard required by Rule 8. "What makes a pleading a 'shotgun' pleading is the inclusion of irrelevant and unrelated facts not tied to specific causes of action such that the claims made are indeterminate and the defendant's task in defending against them is significantly impaired." *See Jim S. Adler, P.C. v. Angel L. Reyes & Assocs. PC*, No. 3:19-CV-2027-K-BN, 2020 WL 5094678 (N.D. Tex. Aug. 29, 2020) (citing *Bates v. Laminack*, 938 F. Supp. 2d 649, 667 (S.D. Tex. 2013)). The Amended Complaint is a classic example of a shotgun pleading, whereby "each count ... adopts the allegations of all preceding counts. Consequently, allegations of fact that may be material to a determination of count one, but not count four, are nonetheless made a part of count four.... [I]t is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Id*. (citing *Paylor v.*

*Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126 (11th Cir. 2014) (citing also *Anderson v. Dist. Bd. of Trs. of Cent. Florida Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 2014)).

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because imposing statutory damages and/or exemplary/punitive damages on Palmer under the TCPA and/or the TBCC would violate the Due Process provisions of the United States Constitution.

Additionally, the Amended Complaint contains insufficient information to permit Palmer to raise all of its potentially appropriate defenses. Therefore, Palmer reserves the right to amend and/or supplement its Answer with additional Affirmative Defenses.

WHEREFORE, Defendant, PALMER ADMINISTRATIVE SERVICES, INC., prays for judgment as follows:

1. That Plaintiff, Marciel Forteza, take nothing by reason of her Amended Complaint;

2. That the Amended Complaint be dismissed with prejudice;

3. For costs of suit and reasonable attorney's fees; and

4. For further and additional relief as this Court deems appropriate.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of January, 2024, the foregoing was filed through the Court's electronic filing system and will be sent electronically to the parties.

Respectfully Submitted,

By: */s/ Jason S. Weiss*
Jason S. Weiss
Florida Bar No. 356890
**WEISS LAW GROUP, P.A.**
5531 N. University Drive, Suite 103
Coral Springs, FL 33067
Tel: (954) 573-2800
Fax: (954) 573-2798
Jason@jswlawyer.com
*Counsel for Defendant Palmer Administrative Services, Inc.*