IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **MARICEL FORTEZA** | § | |
| | § | |
| v. | § | NO. 4:23-CV-00401-ALM-BD |
| | § | |
| **US DEALER SERVICES INC** | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Maricel Forteza moved for a clerk's entry of a default judgment against US Dealer Services Inc. DBA US Auto. Dkt. 59. The court will recommend that the motion be denied without prejudice.

Federal Rule of Civil Procedure 55(b)(1) provides:

> If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

Although a defaulting defendant admits the truth of the well-pleaded facts alleged in the complaint, *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015), it does not concede the truth of allegations concerning remedies, *Jackson v. FIE Corp.*, 302 F.3d 515, 524–25 (5th Cir. 2002).

Forteza previously obtained a clerk's entry of default against US Dealer Services Inc. DBA US Auto. Dkt. 56. Her motion for a default judgment against that entity seeks civil penalties for six phone calls made in violation of the Telephone Consumer Protection Act and a similar state law. Dkt. 59 at 1. But the complaint does not allege that US Dealer Services Inc. DBA US Auto was responsible for all six calls. Indeed, it specifically describes only two of the calls, and only one of those two involved US Auto. Dkt. 11 at 8–9. The complaint also fails to allege facts that would support joint and several liability. Because neither the complaint nor the motion for a default judgment demonstrates how many of the six phone calls US Dealer Services Inc. DBA US Auto is

responsible for, Forteza's claim is not for a sum certain. The motion also fails to address whether the double-recovery rule applies in this context. *Compare, e.g.*, *Tatum v. N.Y. Tribeca Grp. LLC*, No. 6:25-cv-103-JDK, 2025 WL 1864961, at *2 (E.D. Tex. July 7, 2025) (finding the rule inapplicable), *with Masters v. Wells Fago Bank S. Cent., N.A.*, No. A-12-CA-376-SS, 2013 WL 3713492, at *3–4 (W.D. Tex. July 11, 2013) (finding the rule applicable).

It is **RECOMMENDED** that the motion for a default judgment, Dkt. 59, be **DENIED WITHOUT PREJUDICE**.

It is further **RECOMMENDED** that Forteza may, within 30 days of the order adopting this report, if any, file an amended motion for default judgment addressing the issues noted in this report. If she fails to do so, the case will be dismissed.

\* \* \*

Within 14 days after service of this report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1).

A party is entitled to a de novo review by the district court of the findings and conclusions contained in this report only if specific objections are made. *Id.* § 636(b)(1). Failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*; 28 U.S.C. § 636(b)(1) (extending the time to file objections from 10 to 14 days).

So **ORDERED** and **SIGNED** this 12th day of January, 2026.



_____
Bill Davis
United States Magistrate Judge